UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>RYAN ALBERT DODD (1),<br>TERRENCE LEROY HISSONG (2),<br>PATRICK BRADLEY BRANNAN (3),<br>STEPHANIE HILTON LIVESEY (4),<br>GLENDA MICHELLE DAVIS (5),<br>KENNETH ALAN BAIRD (6),<br>JAMES MICHAEL HAY (7),<br>PERRY MARK HOWARD (8),<br>MARK NORRIS JOHNSON (9), and<br>DANIEL PAUL NIEBUHR (10),<br><br>                Defendants. | No.  CR-13-6016-EFS-01<br>      CR-13-6016-EFS-02<br>      CR-13-6016-EFS-03<br>      CR-13-6016-EFS-04<br>      CR-13-6016-EFS-05<br>      CR-13-6016-EFS-06<br>      CR-13-6016-EFS-07<br>      CR-13-6016-EFS-08<br>      CR-13-6016-EFS-09<br>      CR-13-6016-EFS-10<br><br>**ORDER ENTERING RULINGS FROM**<br>**SEPTEMBER 4, 2013 MOTION HEARING** |

A motion hearing occurred in the above-captioned matter on September 4, 2013. Assistant U.S. Attorney Sean McLaughlin and Tyler Tornabene appeared on behalf of the U.S. Attorney's Office (USAO). All above-listed Defendants were present, represented by counsel.[1] Before the Court were a number of pretrial motions. After reviewing the pleadings and hearing argument, the Court ruled, or took under

---

[1] Mr. Vovos advised the Court his client, Defendant Hissong, had a family emergency and Defendant Hissong orally waived his presence for the hearing. Accordingly, Defendant Hissong was excused from open court.

ORDER ENTERING RULINGS FROM SEPTEMBER 4, 2013
MOTION HEARING - 1

advisement, all of the outstanding motions. This Order memorializes and supplements the Court's oral rulings.

### I.   MOTION TO SEVER DEFENDANTS FOR TRIAL

The United States moves to sever the Defendants for trial. The United States is joined in its motion to sever by Defendants Niebuhr and Baird. The United States seeks to sever the Defendants for trial into three, allegedly factually distinct, groupings, in order to better serve judicial economy, allow time for plea negotiations, and focus on separate aspects of the Indictment. Specifically, the United States proposes the following division: Group 1 – The Direct Supervisors for CH2M Hill, Defendants Davis and Livesey; Group 2 – The Persons in Charge at CH2M Hill, Defendants Baird, Hay, Howard, Johnson, and Niebuhr; and Group 3 – The Upper Managers for CH2M Hill, Defendants Dodd, Hissong, and Brannan. Defendants, other than Niebuhr and Baird, oppose severance arguing that the United States has not demonstrated prejudice in proceeding with a joint trial and that judicial economy would not be achieved by severance.

Here, the United States properly joined all the Defendants in a single indictment under Federal Rule of Criminal Procedure 8(b), as the acts charged against each Defendant have a logical relationship with the series of acts or transactions constituting an offense charged against the co-defendants. *See United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208-09 (9th Cir. 1991). The United States now seeks to sever the ten defendants pursuant to Federal Rule of Criminal Procedure 14, which provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a

defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Under Rule 14, the moving party bears the heavy burden of demonstrating the necessity for severance. *United States v. Arbelaez*, 719 F.2d 1453, 1460 (9th Cir. 1982). There is a preference in the federal system for joint trials of defendants who are indicted together. *See e.g., United States v. Zafiro*, 506 U.S. 534, 536 (1993); *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011). Ultimately, the issue of whether to sever under Rule 14 is up to the discretion of the court, unless joinder is "so manifestly prejudicial that it outweighs the dominant concern of judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976). In determining the prejudicial effect of joint trials the Court is guided by several factors including:

> (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether [Defendants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004).

Here, these four factors do not weigh in favor of a finding of prejudice. To the first and second factors, as this is a conspiracy case in which each Defendant is charged in 32 of the 34 counts, much of the same evidence would be admissible against each Defendant, even

in separate trials. In a joint trial, the jury, far from being unable to evaluate the evidence against each Defendant, will be able to evaluate and assess each Defendant's role in the conspiracy, and their relative level of culpability, if any. As to the third factor, this case is well within the competence of an ordinary juror. In *Baker,* the court noted a distinction between the ability of a jury to understand the conceptually simple matter of narcotics trafficking, as contrasted with a more complex anti-trust case. *United States v. Baker*, 10 F.3d 1374, 1388 (9th Cir. 1993)(citing *United States v. Casamento*, 887 F.2d 1141, 1150 (2nd Cir. 1989)). Here, while Defendants are charged with numerous counts, each count arises out of the same general conspiracy. The nature of the conspiracy, that the Defendants conspired to bill for more hours than were worked, is certainly within the ability for a jury to comprehend. Finally, having reviewed the parties' briefs and arguments, the United States, and Defendants Niebuhr and Baird, have not demonstrated that specific trial rights would be compromised by a joint trial. Therefore, they have not met their burden of demonstrating that prejudice compels severance.

Ultimately, based upon the facts of this case and the arguments presented, the Court finds that judicial economy and the interest of justice would best be served by a joint trial. Accordingly, the United States' motion is denied.

**II.    MOTION TO MODIFY PROTECTIVE ORDER**

Defendant Hissong moves to modify the previous protection order, ECF No. 106. Defendant Hissong is joined by Defendants Dodd, Brannan,

and Niebuhr. While all four Defendants reside in the Tri-Cities, Defendant Hissong's counsel, Mr Vovos, is located in Spokane, Defendant Dodd's counsel, Mr. Curtis, is located in Spokane, Defendant Brannan's counsel, Mr. Therrien, is located in Yakima, and Defendant Niebuhr's counsel, Mr. Hershman, is located in Tacoma. These four Defendants seek to modify the previous protection order which required that the Investigative Reports disclosed by the United States could not be shared by defense counsel with the Defendants, except by oral disclosure or by a copy in counsel's presence. Defendants' counsel now seek permission to allow Defendants to have copies of the Investigative Reports, so that they may review them outside of counsels' presence. These Defendants assert the protection order is burdensome given the travel distance required to review the reports with counsel and the time necessary to redact Investigation Report material.

The United States objected to the modification, asserting that the public interest outweighs the burden of maintaining the protection order. After holding an *in camera* review, the Court is persuaded that the public interest is best served by maintaining the current protection order. The Court also notes that the issue is mitigated by the offer of Mr. Egan, counsel for Glenda Davis, to allow all Defendants to review the materials at his local office.

Accordingly, the Court denies Defendant's motion. The Court also cautions all Defendants that they may not take copies, photocopies, or pictures of the Investigative Reports.

//

### III. MOTION FOR DISCLOSURE

Defendant Hay moves for pretrial disclosure of all alleged co-conspirator statements the United States intends to use at trial. Defendant Hay is joined by Defendants Hissong, Howard, Dodd, Johnson, and Brannan. The United States argues that any coconspirator statements are already provided in discovery and that no legal duty exists to compel them to provide a pretrial list of every potential statement that may be offered as a coconspirator statement.

While the Fifth Circuit, in *United States v. James*, 590 F.2d 575 (5th Cir. 1979), has established a practice of holding a hearing before the admission of coconspirator statements the Ninth Circuit has clearly declined to follow the Fifth Circuit's holding. *See e.g. United States v. Zemek*, 634 F.2d 1159, 1169 n.13 (9th Cir. 1980) (In discussing *James* the Court noted that, "[i]n light of consistent Ninth Circuit precedent allowing conditional admission, we reject [the] argument for a mandatory pretrial determination"); *United States v. Perez*, 658 F.2d 654, 658 n.2 (9th Cir. 1981) ("Unlike the Fifth Circuit, this court has declined to express a 'preference' for pretrial determination of admissibility of the coconspirator's statements."). It is still the clear law of the Ninth Circuit that "[t]he trial judge may make a preliminary determination of admissibility or may admit the testimony conditionally, subject to 'connecting up' with the foundation to be eventually laid by the prosecution." *United States v. Gere*, 662 F.2d 1291, 1294 (9th Cir. 1981). If the prosecution fails to establish the required foundation for the conditionally accepted statements, the statements are subject

to a later motion to strike. *See, e.g., United States v. Watkins*, 600 F.2d 201, 204 (9th Cir. 1979); *United States v. Eubanks*, 591 F.2d 513, 519 n.6 (9th Cir. 1979); *United States v. Weiner*, 578 F.2d 757, 768 (9th Cir. 1978).

Additionally, the Court finds no precedent under Federal Rule of Evidence 104 or 801 that require the prosecution to provide pretrial disclosure of statements that may be offered as coconspirator statements at trial. Given the lack of legal authority and the fact that any such statements have been provided in discovery, the Court denies Defendant's motion. However, Defendants may renew challenges to specific coconspirator statements in later motion practice.

### IV. MOTION FOR DISCOVERY

Defendant Hay moves for disclosure of all evidence for which disclosure is required under the Federal Rules of Criminal Procedure, Local Rules, the U.S. Constitution, and relevant case law, including *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny. Defendant Hay is joined by Defendants Hissong, Howard, Dodd, Johnson, and Brannan. Defendants also seek a list of percipient witnesses the United States does not intend to call at trial.

The United States noted that they have already provided five separate disclosures, including twelve discs with hundreds of thousands of pages of documents and reports, each specifically identifying the information provided and the corresponding Bates range.

Accordingly, the Court denies Defendant's motion as moot to the extent Defendant's request is already required by the current Case Management Order. To the extent Defendant seeks discovery consistent with Federal Rules of Evidence 404(b) and 609, *Brady, Giglio, Henthorn*, the Court grants the motion. To the extent Defendant seek a list of percipient witnesses the United States does not intend to call at trial, the Court denies the motion, but grants leave to renew provided a more specific discrete request is made. Disclosure will be subject to the deadlines set forth in the Court's forthcoming amended case management order.

Parties also raised concerns regarding the timing, and ongoing nature of certain disclosure. Accordingly, the Court orders the United States to file, no later than October 18, 2013, a discovery status report providing a realistic assessment of when discovery and document production will be full and complete. Any remaining issue with discovery will be taken up at the First Pretrial Conference.

### V.   MOTION TO DECLARE CASE COMPLEX

Defendant Davis moves for an order declaring the case complex as defined in 18 U.S.C. § 3161(h)(7)(B)(ii). The United States had no objection and no party offered an objection at the September 4, 2013 hearing. Accordingly, the motion is granted.

### VI.   MOTION FOR EXTENSION TO FILE DISCLOSURE OF EXPERT WITNESSES

Defendant Dodd moves for an extension of the deadline to file disclosures of expert witnesses. Defendant Dodd is joined by Defendants Brannan, Howard, Livesey, Niebuhr, Johnson, Baird, and Howard. The United States has no objection to the extension or the

proposed dates. Accordingly, the motion is granted as to all Defendants. Disclosure is subject to the deadlines set forth in the Court's forthcoming amended case management order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' motions for joinder, **ECF Nos. 136, 137, 140, 141, 142, 146, 159, 160, 161, 162, 163, 164,** and **165,** are **GRANTED**.

2. United States' Motion to Sever Defendants for Trial, **ECF No. 122**, is **DENIED**.

3. Defendant Hissong's Motion to Modify Protective Order, **ECF No 126**, is **DENIED**.

4. Defendant Hay's Motion for Disclosure, **ECF No. 132**, is **DENIED**.

5. Defendant Hay's Motion for Discovery, **ECF No. 133**, is **DENIED AS MOOT IN PART** (production already required under the case management order), **GRANTED IN PART** (request for discovery consistent with 404(b), 609, *Brady, Giglio,* and *Henthorn*), **AND DENIED**, with leave to renew, as to the remainder. Disclosure is subject to the deadlines set forth in the Court's forthcoming amended case management order.

6. Defendant Davis' Motion to Declare Case Complex, **ECF No. 134**, is **GRANTED**.

7. Defendant Dodd's Motion for Extension of Time to File Disclosure of Expert Witnesses, **ECF No. 150**, is **GRANTED**.

|   |     |   |
|---|-----|---|
| 1 |     | Disclosure is subject to the deadlines set forth in the |
| 2 |     | Court's forthcoming amended case management order. |
| 3 | 8.  | Defense counsel James Egan will serve as lead counsel with |
| 4 |     | respect to all Criminal Justice Act (CJA) budgetary |
| 5 |     | matters, as well as, lead counsel on expert testimony and |
| 6 |     | experts used for discovery data management, that is done at |
| 7 |     | CJA expense. |
| 8 | 9.  | Defense counsel James Egan is direct to file a proposed CJA |
| 9 |     | budget by not later than three weeks from the date of this |
| 10|     | order. |
| 11| 10. | USAO shall file, **by no later than October 18, 2013**, a |
| 12|     | discovery status report, providing a realistic assessment |
| 13|     | of when discovery and document production will be complete. |
| 14| 11. | Counsel shall meet and confer, and file, **by no later than** |
| 15|     | **October 18, 2013**, a joint status report to include 1) a |
| 16|     | proposed draft pretrial jury questionnaire, 2) a |
| 17|     | recommendation for the number of preemptory challenges, 3) |
| 18|     | the proposed length for voir dire and opening statements, |
| 19|     | and 4) whether a new trial date of March 3, 2013, (starting |
| 20|     | the trial a week earlier) would be acceptable.  Parties are |
| 21|     | directed, as discussed in the hearing, to use *United States* |
| 22|     | *v. Olsen*, CR-11-6001-EFS, as a guiding example. |

23 //

24 //

25 //

26 //

ORDER ENTERING RULINGS FROM SEPTEMBER 4, 2013
MOTION HEARING - 10

1    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this
2 Order and provide copies to all counsel.
3    **DATED** this  19th  day of September 2013.

                         s/ Edward F. Shea
                           EDWARD F. SHEA
                Senior United States District Judge