UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RYAN ALBERT DODD (1),<br>TERRENCE LEROY HISSONG (2),<br>PATRICK BRADLEY BRANNAN (3),<br>STEPHANIE HILTON LIVESEY (4),<br>JAMES MICHAEL HAY (7),<br>PERRY MARK HOWARD (8),<br>MARK NORRIS JOHNSON (9), and<br>DANIEL PAUL NIEBUHR (10),<br><br>                    Defendants. | No.  CR-13-6016-EFS-01<br>     CR-13-6016-EFS-02<br>     CR-13-6016-EFS-03<br>     CR-13-6016-EFS-04<br>     CR-13-6016-EFS-07<br>     CR-13-6016-EFS-08<br>     CR-13-6016-EFS-09<br>     CR-13-6016-EFS-10<br><br><br>**ORDER ENTERING RULINGS FROM JUNE 30, 2014 MOTION HEARING** |

A motion hearing occurred in the above-captioned matter on June 30, 2014. Assistant U.S. Attorneys Tyler Tornabene and Sean McLaughlin appeared on behalf of the U.S. Attorney's Office (USAO). Present for the hearing was Defendant Dodd represented by Kevin Curtis, Defendant Hissong represented by Mark Vovos, Defendant Stephanie Livesey represented by Robert Thompson and Peter Connick, Defendant Hay represented by Peter Schweda, Defendant Howard represented by John Metro, Defendant Johnson represented by Julie Twyford, and Defendant Niebuhr represented by Bryan Hershman.[1]  Before

---

[1] Defendant Brannan and counsel Kenneth Therrien were not present. Defendant Baird and counsel John R Crowley were not present.

ORDER - 1

the Court were a number of pretrial motions. After reviewing the pleadings and hearing argument the Court ruled on, or took under advisement, the outstanding motions. This Order memorializes and supplements the Court's oral rulings.

## I.  USAO'S MOTIONS IN LIMINE

Continued from the June 10, 2014 pretrial conference are the USAO's Motion in Limine for Preliminary Ruling Admitting Exhibits, ECF No. 406, and Motion in Limine to Exclude Defense Witnesses, ECF No. 409. The motions were continued to permit counsel an opportunity to confer and reach any possible stipulations. On June 25, 2014 counsel filed a stipulation addressing most of the issues with exhibits. ECF No. 552. At the June 30, 2014 hearing, counsel represented that based upon the stipulations and changes since the June 10, 2014 pretrial conference, the necessary exhibits and witnesses may have changed. Accordingly, at this time, the Court denies the motions, with leave to refile after counsel have conferred and both parties better understand the new dynamics of the cases they plan to present in September.

## II.  DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court, are three separate motions to dismiss filed by Defendants seeking dismissal of the Superseding Indictment for either *Brady* violation or prosecutorial misconduct. At the June 30, 2014 hearing counsel for Defendant Livesey withdrew their motion, ECF No. 506.

//

//

/

ORDER - 2

**A.   Legal Standard**

An indictment may be dismissed with prejudice under either of two theories:

> [First, a] district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. [Second, i]f the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers.

*United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991) (citations omitted).  *See United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008).  A district court may exercise its supervisory power "to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct."  *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991).  However, because "[d]ismissing an indictment with prejudice encroaches on the prosecutor's charging authority," this sanction may be permitted only "in cases of flagrant prosecutorial misconduct."  *Id.* at 1091.

A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused.  *See Brady v. Maryland*, 373 U.S. 83, 87.  The *Brady* duty extends to impeachment evidence as well as exculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985), and *Brady* suppression occurs when the government fails to turn over even evidence that is "known only to police investigators and not to the prosecutor," *Kyles v. Whitley*, 514 U.S. 419, 438 (1995).  "Such evidence is material 'if there is a reasonable

ORDER - 3

probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Strickler v. Greene*, 527 U.S. 263, 280 (1999).

**B.   Defendants' Motion to Dismiss Indictment, ECF No. 498**

Defendants Dodd, Hissong, Livesey, Hay, Howard, and Johnson, joined by Defendant Brannan, seek dismissal of the indictment for prosecutorial misconduct for failing to disclose *Brady* impeachment material relating to the DOE-OIG investigation in 2006 Audit Report on the "Performance-Based Contract Incentives at the Hanford Site" (Report).  In the alternative, Defendants request disclosure of all documents, audits, work papers, and other related materials to the 2006 investigation.  By the June 30, 2014 hearing, defense counsel had already received the 2006 audit, which had always been publicly available.  ECF No. 532-1.

The Court does not find any *Brady* violation as the publicly available 2006 audit is not material to the alleged time card fraud and conspiracy.  In pertinent part, the Report concluded:

> Although the ORP and Richland intended for their performance-based contract incentives to be result-oriented, in certain cases, the work assigned to site contractors by these offices was not realistic or achievable.  As a result, the Department's limited financial resources were applied to incentivize end-states that were not readily attainable; and, fees were paid for work that could not be completed.

ECF No. 532-1.

It did not address the culture at the Hanford site, time reporting practices, or the practice of conducting eight-hour overtime callouts.  Additionally, as the report, already provided to

ORDER - 4

Defendants, is not material, there is no *Brady* obligation to produce the underlying working papers from the audit. The USAO did not engage in misconduct let alone misconduct justifying dismissal of the Superseding Indictment. Accordingly, the Court denies the motion.

**C. Defendants' Motion to Dismiss Indictment or In Alternative Compel Production of Brady Material, ECF No. 501**

Defendants Dodd, Hissong, Brannan, Livesey, Hay, Howard, and Johnson, joined by Defendant Niebuhr, seek dismissal of the indictment for prosecutorial misconduct by failing to disclose *Brady* material, intentionally utilizing a parallel civil prosecution to influence government witnesses, and distorting the fact finding process to the prejudice of Defendants. Alternatively, Defendants request that the USAO immediately disclose all contacts, written or oral, made with any potential witness in relation to the threat of civil fines and penalties.

First, the Court does not find any offensive or outrageous conduct on the part of the USAO let alone misconduct that would rise to the level justifying dismissal of the Superseding Indictment. The USAO has engaged in the use of simultaneous criminal and civil investigations. However, courts in reviewing the simultaneous investigations have been concerned only when material misrepresentations were made about the nature of an investigation or potential defendants were misled to incriminate themselves. *See United States v. Stringer*, 535 F.3d 929 (9th Cir. 2008); *United States v. Scrushy*, 366 F. Supp. 2d 1134 (N.D. Ala 2005). Here, such conduct is not at issue. Instead, Defendants primarily challenge the

ORDER - 5

communication by the USAO with prospective government witnesses regarding civil liability. There is nothing improper about the nature of the USAO conduct in pursuing its civil and criminal enforcement obligations. The resolution of potential liabilities of such witnesses might result in the testimony of knowledgeable witnesses who might otherwise be privileged. Accordingly, on the record before it, the Court finds no outrageous conduct with could justify dismissal. However, this is not to say that, as discussed in *United States v. Juan*, 704 F.3d 1137, 1142 (9th Cir. 2013), the government may lead a witness to materially change their testimony. If such a substantial interference was to be shown by a preponderance of the evidence that would be another matter. Here, there is no evidence any witness has been compelled to change their testimony nor that they have changed any prior statement. Accordingly, the Court denies the motion as to dismissal of the indictment.

Next, as to the ongoing negotiations with Mr. Chapman, the parties agreed that Defendants have been provided all the write-ups and emails related to Mr. Chapman's negotiations, as well as, drafts of proposed agreements. However, the final agreement does not yet exist. The USAO has agreed it will be produced once it is finalized. Accordingly, Defendants' motion is granted as to the production of any agreements with Mr. Chapman.

Finally, as to the production of any deals reached with other witnesses, Defendants seek production of any agreements, deals, and any offers or demands to make an agreement or deal. In *Phillips v. Ornoski*, 673 F.3d 1168, 1187 (9th Cir. 2012), the Ninth Circuit found

a *Brady* violation arising out of the failure of a plea offer, made to a witness's attorney and allegedly communicated to the witness even though it was not accepted. The Ninth Circuit found that the existence of that offer was "indisputably evidence 'favorable to the accused . . . because it is impeaching,' and was clearly subject to the duty of disclosure established in *Brady*." *Id.* at 1188. Accordingly, here the Court finds that any offer or target letters offering to resolve liability, even if not accepted, made to a potential witness who is expected to testify, must be disclosed.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. USAO's Motion in Limine to Exclude Defense Witnesses, **ECF No. 409**, and Motion in Limine for Preliminary Ruling Admitting Exhibits, **ECF No. 406**, are **DENIED WITH LEAVE TO RENEW.**

2. Defendants' Motion to Dismiss Indictment, **ECF No. 498**, is **DENIED.**

3. Defendants' Motion to Dismiss Indictment or Alternatively Compel Production of *Brady* Material, **ECF No. 501**, is **GRANTED IN PART** (production of the agreement with Mr. Chapman and any other witness who receives or is offered a deal and whom the USAO expects to call as a witness) **AND DENIED IN PART** (dismissal of indictment).

4. Defendant Livesey's Motion to Dismiss for Failure to Provide *Brady* Material, **ECF No. 506**, is **WITHDRAWN.**

//

ORDER - 7

1 **IT IS SO ORDERED.** The Clerk's Office is directed to enter this
2 Order and provide copies to all counsel.
3 **DATED** this 7th day of July 2014.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2013\6016\6016.pretrial.rulings4.lc2.docx

ORDER - 8